IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RICHARD M. PROFFITT,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00770 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **CHADWICK DOTSON, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Richard M. Proffitt, a Virginia inmate proceeding *pro se*, has filed a complaint against the defendants under 42 U.S.C. § 1983, alleging deliberate indifference to his safety, resulting in serious injury, in violation of his Eighth Amendment right to be free of cruel and unusual punishment. The matter is before the court on Proffitt's motion for temporary injunctive relief against the defendants "to prevent future incidents like this." Plntf Mot. for T.R.O., ECF No. 3. Proffitt also seeks temporary release or transfer of his custody to Community Supervision. For the reasons stated below, Proffitt has failed to demonstrate that he is entitled to the requested relief.

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). The party seeking the injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The moving party must satisfy all four requirements, and the injunctive relief can only be granted on a clear showing of entitlement to relief. *Id.* at 22.

Proffitt has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief. He must demonstrate more than just a possibility of irreparable harm. *Di Biase v. SPS Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). The mere possibility of harm does not

constitute a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22. Nor is the fact that these defendants alleged violated his rights a single time in the past sufficient to support a likelihood of similar behavior by the defendants in the future. *See Abbott v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018) (noting that a plaintiff who seeks prospective injunctive relief may not rely on past exposure to illegal conduct). He has not provided any basis for fearing retaliation for this suit other than his own fear and speculation.

      Nor is the relief requested in the public interest or within the power of the court to grant. Where prisoners are placed is a decision for prison administrators, who are in the best position to evaluate prisoner needs, including prisoner safety. Transfer of a state inmate in state custody from one institution to another is generally not an appropriate injunction for a federal court to issue. *Branham v. City of Lynchburg*, 644 F. Supp. 3d 215, 220 (W.D. Va. 2022). Even less appropriate is the federal court temporarily releasing a state inmate or transferring him to community supervision; such an action would violate the principles of federalism by intruding on a state's legitimate interest in enforcing its own laws. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991) (explaining why state courts must have the first opportunity to address constitutional violations alleged after a criminal conviction).

      The court need not address the remaining *Winter* criteria, as Proffitt has clearly failed to meet the two criteria already discussed. Plaintiff's request for a T.R.O. (ECF No. 3) is **DENIED.**

      Enter: February 28, 2024

      /s/ Robert S. Ballou

      Robert S. Ballou
      United States District Judge