CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 03, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD M. PROFFITT, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00770 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CHADWICK DOTSON, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Richard M. Proffitt, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment right to be free of cruel and unusual punishment, arising out of a series of events that led to a vicious assault on Proffitt. Upon review of Proffitt's Amended Complaint, pursuant to 28 U.S.C. § 1915A(a), the court finds as follows:

Plaintiff has sufficiently stated a claim of deliberate indifference against defendant Speas.

Plaintiff has not stated a claim against inmate Marcus Williams. Section 1983 permits a civil action only against a person acting under color of state law who violates the plaintiff's rights. As an inmate, Williams was not acting under color of state law, and the claim against him must be dismissed.

The Amended Complaint fails to state a claim against Director Dotson and Warden Younce. Proffitt has alleged that Dotson is responsible for operation of the Department of Corrections, including Bland Correctional Center, and that Warden Younce is responsible for the welfare of the inmates in that prison. Those responsibilities are insufficient to state a constitutional claim under the Eighth Amendment. Supervisory liability for constitutional violations is not premised on respondeat superior, but on "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the

constitutional injuries" inflicted on prisoners in their custody. *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984). To state a claim for supervisory liability, a plaintiff must allege facts sufficient to show that (1) the defendant had actual or constructive knowledge that his subordinate was engaging in conduct that posed a "pervasive and unreasonable risk" of constitutional harm to persons like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate that one could infer deliberate indifference to or tacit authorization of the improper conduct; and (3) a causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). To show that the supervisory defendant had the required knowledge, the plaintiff must allege facts from which a reasonable person could conclude that he had actual knowledge of the employee's conduct in time to prevent the harm to the plaintiff or that the employee's conduct had occurred on multiple different occasions and was so widespread that a reasonable person could conclude that the supervisor must have known about the behavior. No such facts have been alleged to support the claims against Dotson and Younce.

Proffitt alleges that defendant Rogers was present with defendant Speas when Speas said, "if you don't help me out, it will be on your back either way. I'll make sure of that, that's a promise." There are no allegations of Rogers being present when Speas told the other inmates that Proffitt had informed him they had contraband in their unit, and there are no allegations that Rogers received any information about a threat against Proffitt. An officer may be liable under a theory of bystander liability "if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty., Md.,* 302 F.3d 188, 204 (4th Cir. 2002). The only allegation against Rogers is that he was present with Speas during the initial conversation in

which Speas made comments that, in retrospect, Proffitt interpreted as a threat. Threats by prison officials, without more, do not state a constitutional claim. *Henslee v. Lewis*, 153 F. App'x 178 at *2 (4th Cir. 2005) (unpublished per curiam). Without factual allegations that Rogers knew more about what happened later, the Amended Complaint fails to show that Rogers had knowledge that Speas was violating Proffitt's rights.

Proffitt also has failed to allege a cognizable claim against defendant Stinson. Proffitt states that he was sitting in his chair in his living area, under Stinson's supervision, when he was assaulted. These facts are not sufficient to show deliberate indifference by Stinson for failure to protect. To establish liability against a prison employee for failure to protect from an inmate assault, a plaintiff must show facts establishing (1) a serious or significant injury or a substantial risk thereof and (2) the prison official had a subjectively culpable state of mind, known as deliberate indifference. *Raynor v. Pugh*, 817 F.3d 123, 127–28 (4th Cir. 2016). Proffitt clearly has met the first prong, alleging a serious and significant injury. He has not alleged facts sufficient to show that Stinson had actual knowledge of an excessive risk to Proffitt's safety. Actual knowledge of the risk and then ignoring that knowledge, or failing to act on that knowledge, is necessary for imposition of liability. *Id.* at 128. Simple negligence in supervision is not enough.

Finally, Proffitt has provided insufficient detail regarding the actions of unknown B-Break Day Shift Officers. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Proffitt has not alleged what actions were taken by the unnamed officers that violated his rights, bearing in mind that any facts alleged

must include those from which the defendant's knowledge, or culpable state of mind, can be inferred.

Because Proffitt is proceeding *pro se* (without counsel), the court will allow him to file a Second Amended Complaint within thirty (30) days from the date of this order, if he so chooses, against the defendants discussed herein, if he is aware of additional facts supporting a claim against them, except for defendant Marcus Williams, who will be dismissed with prejudice. If Proffitt does not file a Second Amended Complaint with thirty (30) days, the case will proceed only against defendant Speas.

An Amended Complaint must be a document naming every person plaintiff intends to sue in this action under § 1983 and specifically describing how each person violated his federal rights and how he was harmed by the defendants' alleged actions or inactions. The Second Amended Complaint will replace the original Complaint and the first Amended Complaint and will constitute the sole complaint in this action. The facts supporting the claims must be in the Second Amended Complaint itself; the court will not sift through prior pleadings and attachments to build the claim for him, although documents may be submitted as exhibits to support and corroborate facts stated in the Second Amended Complaint.

An appropriate order will be entered this day.

Enter:  December 3, 2024

/s/ *Robert S. Ballou*

Robert S. Ballou
United States District Judge